O

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱
# ℭ𝔢𝔫𝔱𝔯𝔞𝔩 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 ℭ𝔞𝔩𝔦𝔣𝔬𝔯𝔫𝔦𝔞

| | |
|---|---|
| STAR FABRICS, INC., | Case № 2:15-cv-01832-ODW (JEM) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S** |
| J ONE TRADING, INC.; GIRLY GIRL | **APPLICATION FOR DEFAULT** |
| LEGGINGS; SNS FASHION, INC.; and | **JUDGMENT [23]** |
| DOES 1-10, | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff Star Fabrics, Inc. applies for entry of default judgment against Defendant SNS Fashion, Inc.  For the reasons discussed below, the Court **DENIES** Plaintiff's Application.[1]  (ECF No. 23.)

## II.   FACTUAL BACKGROUND

Plaintiff Star Fabrics, Inc. ("Star") is a Los Angeles-based textile company that creates and purchases two-dimensional designs, copyrights them, and then licenses them to others for use.  (Mot. at 1–2.)  These designs are first disseminated to potential customers, and those who wish to use any of Star's copyrighted designs must

---

[1] After carefully considering the papers filed in support of the Application, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

request a license from Star.  (Mot. 2.)

Among the designs copyrighted by Star is design no. 64893.  (Compl. ¶ 10.) Prior to the acts alleged in Star's Complaint, Star widely distributed this design to companies in the fashion and apparel industries.  (*Id.* ¶ 11.)  Star alleges that Defendants J One Trading, Inc. ("J One") and SNS Fashion, Inc. ("SNS") infringed Star's copyright by using this design without a license from Star.  (*Id.* ¶¶ 16, 17.)

On March 12, 2015, Star filed its Complaint against SNS, J One, and Girly Girl Leggings.[2]  (ECF No. 1.)  On May 13, 2015, J One answered the Complaint.  (ECF No. 17.)  On May 20, 2015, Star requested an entry of default against SNS, which was subsequently entered by this Court.  (ECF Nos. 20, 21.)  On June 22, 2015, Star filed an application for entry of default judgment against SNS.  (ECF No. 23.)  Star's Application is now before the Court for consideration.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to enter a default judgment after the Clerk enters a default under Rule 55(a).  Local Rule 55-1 requires that the movant submit a declaration establishing (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; and (4) that the defaulting party was properly served with notice.

A district court has discretion whether to enter default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true.  *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

In exercising its discretion, a court must consider several factors, including: (1)

---

[2] On April 21, 2015, Star dismissed Girly Girl Leggings.  (ECF No. 14.)

the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## IV.   DISCUSSION

Star alleges that J One and SNS used Star's design without its permission, thereby infringing Star's copyright. (Compl. ¶¶ 16, 17.)  It is unclear whether Star is alleging that SNS and J One are jointly liable for a single incident of infringement, or if SNS and J One are separately liable for separate acts of infringement.  Generally, when only one of several defendants is in default, and the defendants may be jointly liable for the plaintiff's harm, judgment should not be entered against the defaulting defendant until the matter has been settled as to all defendants. *Frow v. De La Vega*, 82 U.S. 552, 554 (1872).  Joint liability may exist in copyright infringement actions when two or more persons contribute to a single infringement. *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 677 F. Supp. 740, 769 (S.D.N.Y. 1988).  In the present case, Star's Complaint is silent as to whether the defendants jointly contributed to a single infringement, or whether there were multiple infringements of the same copyright. Further, Star identifies only one specific instance of an infringing product. (Compl. ¶ 13.)  A single infringing product suggests joint liability between the defendants. Because the Court cannot rule out joint liability, it cannot enter default judgment as to SNS.

Further, if an anwering defendant asserts a defense that would affect a plaintiff's ability to recover against a defaulted default, the defaulted defendant should be given the benefit of that defense. *Kooper v King*, 195 Cal. App. 2d 621, 629 (1961)  Similarly, if a defense calls into question the validity of the plaintiff's cause of action, that defense must inure to the defaulted defendant. *Sutherland v. Gross*, 105

Nev. 192, 198 (1989).  If J One provides a defense that would affect the validity of Star's claim against the co-defendants, then SNS should receive the benefit of that defense.

For example, a claim for copyright infringement must provide proof of ownership of the copyright for which infringement is alleged.  *Range Road Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148, 1153 (9th Cir. 2012).  If J One were to prove that Plaintiff's copyright was invalid, Star could not make out a prima facie case for copyright infringement against *any* defendants.  *See Twentieth Century Fox Film Corp. v. Streeter,* 438 F. Supp. 2d 1065 (2006) (showing that making a prima facie claim for copyright infringement is the major factor in the second *Eitel* factor).  Thus, entry of default against SNS at this point is premature.

## V.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Application for Default Judgment without prejudice to refiling the Application once the action is concluded as to all other parties.  (ECF No. 23.)

**IT IS SO ORDERED.**

October 6, 2015

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**